UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OBERIA ROBINSON,

                    Plaintiff,

v.

V&S DETROIT GALVANIZING, LLC,

                    Defendant.

_____/

Case No. 16-10589

Paul D. Borman
United States District Judge

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT (ECF NO. 5)

This action was originally filed by Plaintiff Oberia Robinson in 3rd Circuit Wayne County Court on October 21, 2015. Plaintiff sets forth claims of "Breach of Wage and Fringe Benefit Law" and "Declaratory Judgment" related to the termination of his employment and his entitlement to certain vacation pay, sick pay, and disability pay or "fringe benefits." (ECF No. 1, Compl.) Defendant V&S Detroit Galvanizing, LLC was served with the complaint and summons on January 28, 2016. (ECF No. 1, Removal.) On February 17, 2016, Defendant removed the action to this Court based on federal jurisdiction pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Defendant contended in its removal that while Plaintiff's claims were couched in state law, both of his claims arose under and required the interpretation of the Collective Bargaining Agreement ("CBA") that was negotiated by the International Brotherhood of Teamsters, Local 299 on Plaintiff's behalf with Defendant. Defendant submits that

Plaintiff's claims are therefore preempted by Section 301. *Allis-Chalmers Corp. v. Leuck*, 471 U.S. 202, 220 (1985).

On February 18, 2016, Defendant filed the present Motion to Dismiss or in the alternative a Motion for Summary Judgment. (ECF No. 5.) Plaintiff did not file a response to Defendant's dispositive motion, nor did Plaintiff request more time to respond. A hearing on this matter was held on July 12, 2016. Plaintiff's attorney attended the hearing and offered oral argument. For the reasons set forth below, the Court will grant Defendant's motion and dismiss this action with prejudice.

## I. BACKGROUND

Plaintiff was employed by Defendant from 2005 until February 2011 as a warehouseman. (Compl., at ¶ 4.) On January 27, 2011, Defendant terminated Plaintiff's employment for failing to immediately report a work related injury. (*Id*., at ¶ 5.) Plaintiff allegedly injured his toe in a work related injury and made a claim for workers' compensation. (*Id*., at ¶ 6.) Plaintiff's claim for workers' compensation was denied "based on a theory that Plaintiff may have injured his toe outside of work." (*Id*., at ¶ 7.)

Plaintiff alleged in his Complaint that at the time Defendant terminated his employment he had accrued fringe benefits "including vacation pay, sick pay, disability insurance and retirement benefits." (*Id*., at ¶ 8.) Plaintiff alleged Defendant refused to allow him to file for disability pay or pay him for his accrued vacation and sick pay. (*Id*., at ¶ 9.)

Finally, Plaintiff alleged that "[t]he clause upon which Plaintiff was terminated violate[d] a guaranteed right under the workers disability compensation act, namely; the right

to provide notice and claim of a work related injury within ten (10) days of a work related injury." (Compl., at ¶ 10.)          Defendant submits that while Plaintiff was employed with Defendant he was a member of the International Brotherhood of Teamsters, Local 299 ("Local 299").  Defendant and Local 299 entered into a collective bargaining agreement in December 2009 that was effective until December, 2012.  Plaintiff's employment with Defendant was governed by this CBA.  (Ex. B, CBA.)  The CBA required that "any employee involved in any accident shall immediately report said accident and any physical injury sustained to the company." (Ex. B, Art. 20.02, Pg ID 113.)  Under the CBA a violation of this provision was an "unacceptable act of misconduct" and resulted in "immediate discharge."  (*Id*., at Rules of Conduct, Pg ID 119.)

The CBA also provided a grievance procedure that covered any "dispute, disagreement, or difference between any employee and/or any designated union official and the Company based on employee's contention that the Company or Union has violated any specific provision of this agreement."  (Ex. B, at Art. 14, Pg ID 110-12.)  The grievance procedure involved a three step process that culminated in arbitration of the dispute.  (*Id*.)

Plaintiff filed the present complaint on October 21, 2015, more than four years after his termination, and set forth two claims: a "Breach of Wage and Fringe Benefit Law" and "Declaratory Judgment."  (ECF No. 1, Compl.)  In regards to his claim that Defendant breached the "Wage and Fringe Benefit Law," Plaintiff stated that he was owed vacation time, sick time, and disability pay, Defendant did not pay these benefits, and that "Michigan statutes provide that Defendant must pay the benefits owed and that Defendant is subject to

treble damages." (Compl., at ¶¶ 12-14.) As to his claim for declaratory judgment, Plaintiff alleged that "Defendant terminated Plaintiff for a reason that is clearly contrary to [a] Michigan Statute. As such, Plaintiff's termination should be declared void ab initio and Plaintiff's termination should be declared a nullity." (*Id.*, at ¶¶ 15-17.)

## II. STANDARD OF REVIEW

FED. R. CIV. P. 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To sufficiently state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.'" *Casias v. Wal-Mart Stores*, Inc., 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Treesh*, 487 F.3d at 476 (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Term. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

A plaintiff must provide more than "formulaic recitation of the elements of a cause of action" and "[f]actual allegations must be enough to raise a right to relief above the

4

speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted).  The Sixth Circuit has recently reiterated that "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability.  The facts cannot make it merely possible that the defendant is liable; they must make it plausible." *Agema v. City of Allegan*, --- F.3d ---, *3 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In addition to Plaintiff's allegations in his complaint, the Court will also consider the Collective Bargaining Agreement attached to Defendant's motion and referenced by Plaintiff in his pleadings (Def.'s Br., Ex. B).  Although this document is outside the pleadings, the Sixth Circuit has recognized that the "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in a plaintiff's complaint and are central to her claim." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (citation omitted).  The Collective Bargaining Agreement is referenced in Plaintiff's complaint and central to his claims, where Plaintiff alleges that he was terminated pursuant to a "clause" of an employment agreement and also claims the clause is contrary to public policy.  Thus, the Court may consider this document in its evaluation of Defendant's motion to dismiss.  The Court declines, however, to consider the other documentary evidence attached to Defendant's motion – a grievance regarding Plaintiff's termination and Plaintiff's charge against Local 299 – because consideration of that evidence would require this Court to treat the motion as one for summary judgment under FED. R. CIV. P. 56(a).  *See* FED. R. CIV. P. 12(d).

## III. ANALYSIS

A.      Preemption

Defendant removed this action based upon the theory that Plaintiff's vague state law claims were preempted by federal law and thus this Court had proper subject matter jurisdiction over this action.  Plaintiff did not dispute the removal through a motion for remand and, in fact, has not filed any pleadings in this action since the removal.

Before evaluating the Defendant's motion to dismiss or for summary judgment, the Court must first determine whether Plaintiff's claims were properly removed to this Court and are preempted by federal law.  *See* 28 U.S.C. § 1441.  Section 301 of the LMRA states that

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).  "Section 301 allows employees to bring suit against employers and labor organizations for violations of a [collective bargaining agreement]."  *Watts v. United Parcel Serv., Inc.*, 701 F.3d 188, 191 (6th Cir. 2012).  The Supreme Court has held that "[t]he interests in interpretive uniformity and predictability that require that labor-contract disputes be resolved by reference to federal law also require that the meaning given a contract phrase or term be subject to uniform federal interpretation."  *Id.* (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985)).  The Supreme Court has since clarified, however, that "not every dispute involving a CBA is preempted by § 301: '[A]s long as the state-law claim can

6

be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes.'" *Id.* (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 409-10 (1988)).

Defendant relies upon these principles to argue that this Court has proper federal question jurisdiction because Plaintiff's claims of "breach of wage and fringe benefits" and "declaratory judgment" constitute claims arising under and preempted by Section 301, of the LMRA.

Generally, courts use the "well-pleaded complaint" rule to evaluate whether a complaint presents a federal question on its face. *Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1329 (6th Cir. 1989) (*en banc*). In determining whether a plaintiff's claims are preempted by the LMRA, however, the court "is not bound by the 'well-pleaded complaint' rule, but rather looks to the essence of the plaintiff's claim." *DeCoe v. General Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994).

In *Paul v. Kaiser Foundation Health Plan of Ohio*, 701 F.3d 514 (6th Cir. 2012), the Sixth Circuit summarized the governing legal standards regarding a removal based upon a claim of LMRA preemption, stating in relevant part:

> "[W]hen a federal statute wholly displaces the state-law cause of action through complete preemption," the preempted state-law claim arises under federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003). And while 28 U.S.C. § 1331 provides a district court general federal question jurisdiction, there are also more specific jurisdiction-conferring provisions, including § 301 of the LMRA, *see* 61 Stat. 156, § 301, codified at 29 U.S.C. § 185(a), which both preempts certain state-law contract claims and also confers federal jurisdiction over those claims, *see Textron Lycoming Reciprocating Engine Div., Avco Corp. v. UAW*,

523 U.S. 653, 657, 118 S.Ct. 1626, 140 L.Ed.2d 863 (1998); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985).

\* \* \* \*

The Supreme Court has thus held that when "resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers*, 471 U.S. at 220, 105 S.Ct. 1904 (internal citations omitted).

\* \* \* \*

Because "[§] 301 governs claims founded directly on rights created by [labor contracts], and also claims 'substantially dependent on analysis of a [labor contract],'" *Caterpillar*, 482 U.S. at 394, 107 S.Ct. 2425, our Court has created a two-step test for determining whether a plaintiff's claims are preempted by § 301:

> First, courts must determine whether resolving the state-law claim would require interpretation of the terms of the [labor contract]. If so, the claim is preempted. Second, courts must ascertain whether the rights claimed by the plaintiff were created by the [labor contract], or instead by state law. If the rights were created by the [labor contract], the claim is preempted. In short, if a state-law claim fails either of these two requirements, it is preempted by § 301.

*Mattis v. Massman*, 355 F.3d 902, 906 (6th Cir.2004) (citing *DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir.1994)).

*Id.*, at 518-19 (alterations in *Paul*) (quoting *Kitzmann v. Local 619-M Graphic Communications Conf.*, 415 F. App'x 714, 716-18 (6th Cir. 2011)).

8

1.      Breach of Wage and Benefit Act

Plaintiff alleges that his employer, Defendant, violated Michigan's Wage and Fringe

Benefit Act ("WFBA"), MICH. COMP. LAWS § 408.471, *et seq*., by failing to pay him his

accrued vacation time, sick time, and/or disability pay.[1]  (Compl., at ¶ 12.)  The first step in

determining whether Plaintiff's WFBA claim is preempted by the LMRA is to determine

"whether resolving the state-law claim would require interpretation of the terms of the [labor

contract].  If so, the claim is preempted."  *Mattis*, 355 F.3d at 906 (citation omitted).

"Preemption is triggered if resolution of the state law claim is 'inextricably intertwined' with

consideration of the terms of the CBA."  *Paul*, 701 F.3d at 522 (quoting *Smolarek,* 879 F.3d

at 1330).

The Court concludes that resolving Plaintiff's WFBA claim would require this Court

to interpret the terms of the CBA because whether Plaintiff is entitled to such benefits

depends upon the terms of the CBA.  Specifically, the CBA addresses eligibility for vacation

pay in Article 9.01.  (Ex. B, CBA, at Art. 9.01, Pg ID 105-06.)  Further, whether Plaintiff

would be entitled to sick pay would require the Court to look to Plaintiff's eligibility for such

time under "float days" which appear to require workers to use this accrued time for illness.

(*Id*., Art. 9.04-05, at Pg ID at 106, stating "a float day must be used for an employee's

illness.")  Finally, Plaintiff's eligibility for disability pay (if Plaintiff's is making such a

claim) would be contingent upon this Court's interpretation of the CBA's provisions

---

[1] It is not clear from Plaintiff's complaint whether he is also seeking disability pay.

regarding short-term and long-term disability insurance.  (*Id*., at App'x, Pg ID 117.) Accordingly, the first step in the preemption analysis is met because the state law claim would necessitate the interpretation of the CBA and thus the state law claim is preempted.

Next, the Court must determine if "the rights claimed by the plaintiff were created by the [labor contract], or instead by state law. If the rights were created by the [labor contract], the claim is preempted." *Mattis*, 355 F.3d at 906 (citation omitted).  In the present case, Plaintiff's counsel admitted during oral argument that the fringe benefits Plaintiff seeks to recover were created by the CBA, and but for the CBA, Plaintiff would not have an entitlement to these fringe benefits.  Indeed, WFBA § 408.473 provides that "[a]n employer shall pay fringe benefits to or on behalf of an employee in accordance with the terms set forth in the written contract or written policy."  Thus, the WFBA, on its face, refers to the independent accrual of the fringe benefits, and is <u>not</u> the source of any fringe benefits. Accordingly, where the CBA created the rights that Plaintiff now seeks to recover, the second step of the preemption analysis is satisfied and the claim is preempted.  *See also Smith v. Detroit Entertainment, LLC*, 919 F. Supp.2d 883, 891-92 (E.D. Mich. 2013) (recognizing that the preemptive force of the LMRA likely gave the district court original jurisdiction over the plaintiff's WFBA claim, but finding that removal was improper because the Michigan Administrative Hearing System did not constitute a "State court" pursuant to 28 U.S.C. § 1441(a).)

Plaintiff argued at the hearing that the terms of the CBA were not contested and therefore the Court would not need to interpret the CBA and preemption was not proper

under *Mattis*.  Plaintiff's admission, however, during the hearing that the fringe benefits he seeks to recover were created by the CBA undermines Plaintiff's argument that his WFBA claim is not preempted. The test as set forth in *Mattis* requires preemption if the state law claim requires interpretation of the terms of the CBA *or* if the rights the plaintiff seeks were created by the CBA.  *Mattis*, 355 F.3d at 906 ("[I]f a state-law claim fails either of these two requirements, it is preempted by § 301.") It is undisputed that the fringe benefits that Plaintiff is seeking to recover were created by the CBA, thus the WFBA claim is preempted by § 301.

### 2.      Statute of Limitations

Defendant asserts that Plaintiff's claim, rightfully preempted by Section 301 of the LMRA, must be dismissed pursuant to LMRA's statute of limitations.  Defendant argues that Section 301 claims must be filed within six months of their accrual.  Defendant relies upon *DelCostello v. International Bd. of Teamsters*, 462 U.S. 151 (1983), wherein the Supreme Court incorporated the six month limitations period of § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) as the applicable statute of limitations in a hybrid Section 301 action.

In the present action, Plaintiff's WFBA claim is more appropriately characterized as a claim that Plaintiff's employer, Defendant, breached the CBA by failing to pay him fringe benefits to which he was entitled.  "It is well-settled that for a union employee to maintain an action for breach of a labor contract against his employer, he must also establish that his union breached its duty of fair representation."  *Cotter v. DaimlerChrysler Corp.*, 87 F.

11

Supp.2d 746, 756 (E.D. Mich. 2000) (citing *Vaca v. Sipes*, 386 U.S. 171 (1967)).  This is due to the fact that ordinarily before an employee-plaintiff may file such a suit against the employer, he or she must attempt to exhaust any grievance or arbitration procedures set forth in the CBA.  *DelCostello*, 462 U.S. at 163.  "Subject to very limited review, he will be bound by the result according to the finality provisions of the agreement."  *Id*. (citation omitted).  This exhaustion requirement, however, worked "an unacceptable injustice" on an employee-plaintiff when the union, charged with representing that employee, acted in a "discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation."  *Id*.

Thus, in such an instance, the Supreme Court has held that an employee-plaintiff can bring an action against both the employer and the union regardless of the outcome of the grievance or arbitration proceeding.  *DelCostello*, 462 U.S. at 164 (citations omitted).  This type of claim is known as a hybrid Section 301/fair representation claim: "A hybrid Section 301 claim involves two constituent claims: breach of a collective bargaining agreement by the employer and breach of the duty of fair representation by the union."  *Garrison v. Cassens Transport. Co.*, 334 F.3d 528, 538 (6th Cir. 2003) (citation omitted).  "To prevail against either the company or the Union, ... [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union."  *DelCostello*, 462 U.S. at 165 (alterations in *DelCostello*) (quoting *United Parcel Service v. Mitchell*, 451 U.S. 56, 66-67 (1981)).  "The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both."  *Id*.

Plaintiff's WFBA claim, as re-characterized under federal law, is a hybrid Section 301/fair representation claim against Defendant for a breach of the labor agreement. *See Brown v. Cassens Transport Co.*, 546 F.3d 347, 364 n.7 (6th Cir. 2008) ("[I]n cases of LMRA preemption, the court must 'recharacterize' the state cause of action as a federal claim and analyze the claim under federal law.")(citation omitted).   The Sixth Circuit has recognized that hybrid Section 301/fair representation claims are "governed by the six-month statute of limitations borrowed from section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b)." *McCreedy v. Local Union No. 971, UAW*, 809 F.2d 1232, (6th Cir. 1987) (citing *DelCostello*, 462 U.S. 151 (1983)).   Such a claim accrues when "the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Adkins v. International Union of Elec., Radio & Mach. Workers*, 769 F.2d 330, 335 (6th Cir. 1985) (citation omitted).

In the present action, Plaintiff filed the present claim more than four years after the date of his termination.   Plaintiff's claim is clearly outside the six-month statute of limitations period for a hybrid Section 301/fair representation claim. *See Frazier v. Meijer Great Lakes, L.P.*, No. 01:06-cv-692, 2007 WL 1101188, *3-4 (W.D. Mich. Apr. 11, 2007) (finding in an analogous circumstance that an employee-plaintiff's breach of contract claims were preempted by Section 301, and barred by the six-month statute of limitations.)   Accordingly, Plaintiff's claim is barred by the statute of limitations and must be dismissed.

3.     Declaratory Judgment

Plaintiff's second claim is one for declaratory judgment.  Plaintiff's allegations regarding this claim are, *in toto*: "Defendant terminated Plaintiff for a reason that is clearly contrary to Michigan Statute.  As such, Plaintiff's termination should be declared void ab initio and Plaintiff's termination should be declared a nullity." (Compl., at ¶¶ 16-17.)  It is unclear from the fact of Plaintiff's complaint what "Michigan Statute" Plaintiff's termination is alleged to offend.  Plaintiff also alleged generally that "[t]he clause upon which Plaintiff was terminated violates a guaranteed right under the workers [sic] disability compensation act, namely; the right to provide notice and claim of a work related injury within ten (10) days of a work related injury." (*Id*., at ¶ 10.)  Construing Plaintiff's complaint broadly, the Court finds that Plaintiff is alleging that his termination was "contrary to" Michigan's Worker's Disability Compensation Act ("WDCA"), § 418.101, *et seq*.

Again, the Court's inquiry to determine whether Plaintiff's claim is preempted by Section 301 of the LMRA is guided by the two step analysis as set forth in *Mattis*, 355 F.3d at 906.  As to the first step in the analysis, it is clear that resolving Plaintiff's declaratory judgment claim would require the interpretation of the terms of the CBA.  Indeed, Plaintiff's own allegations appear to reference the CBA, stating in relevant part that "the *clause* upon which Plaintiff was terminated violates" the WDCA.  (Compl., at ¶ 10 (emphasis added)).  Thus, the Court would be required to interpret the CBA to determine whether it offended the Michigan statute.  "[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim

14

must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers*, 471 U.S. at 220 (internal citation omitted). Here, Plaintiff's declaratory judgment claim would necessitate this Court's interpretation of the CBA and is therefore preempted by Section 301.

It is less clear whether Plaintiff's declaratory judgment claim meets the second step of the analysis – whether the rights claimed by Plaintiff were created by the CBA. *See Mattis*, 355 F.3d at 906. As noted *supra*, however, Plaintiff's claim is preempted under Section 301 if it meets *either* of the steps in the *Mattis* framework. *See Mattis*, 355 F.3d at 906. Thus, Plaintiff's declaratory judgment claim is preempted by Section 301.

Moreover, irrespective of whether Plaintiff's declaratory judgment claim is preempted under Section 301 or is a viable state law claim, Plaintiff's declaratory judgment claim fails to set forth a plausible claim under the standards enunciated in *Iqbal* and *Twombly*. Plaintiff fails to specify the "clause upon which Plaintiff was terminated" and fails to identify with any specificity what section of Michigan's Worker's Compensation Act the CBA offended or why. Plaintiff's claim consists merely two or three brief legal conclusions "masquerading as factual allegations." *Eidson v. State of Term. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Plaintiff's threadbare recital of legal conclusions are insufficient to support a plausible claim under Section 301 or state law. A complaint that "tenders naked assertions devoid of further factual enhancement" is insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alternations and citation omitted). Accordingly, the Court will dismiss this claim as preempted under Section 301 and for failing to state a claim

15

upon which relief can be granted.

## IV. CONCLUSION

For all these reasons, the Court GRANTS Defendant's motion to dismiss (ECF No.

5) and Plaintiff's complaint is DISMISSED with PREJUDICE.

IT IS SO ORDERED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 19, 2016


## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 19, 2016.


s/Deborah Tofil
Case Manager

16